UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RENEE A. DUBOIS,                )
                                )
    Plaintiff                   )
                                )
v.                              )    No. 2:10-cv-369-JAW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
    Defendant                   )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff, who seeks adult child's insurance benefits, contends that the administrative law judge wrongly failed to find her emotional impairments to be severe at the relevant time and failed to comply with Social Security Ruling 83-20. She also asserts that the commissioner violated her constitutional rights by depriving her of review of the administrative law judge's decision "prior to having to proceed to Federal Court." Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 21) at 2. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff, prior to attaining the age of

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 13, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

22 on September 5, 1995, suffered from Crohn's disease and/or the residual effects of gallstones status-post surgery, impairments that were severe but which did not meet or equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 12-13; that she had the residual functional capacity ("RFC") to perform the full range of medium work, Finding 5, *id.* at 14; that she had no past relevant work, Finding 6, *id.* at 16; that, given her age (19 on the alleged onset date, a younger individual), at least high school education, and RFC, there were jobs existing in significant numbers in the national economy that she could have performed before she reached the age of 22, Findings 7-10, *id.*; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time prior to September 5, 1995, when she attained the age of 22, Finding 11, *id.* at 17. The Decision Review Board did not complete its review of the decision in the time allotted, *id.* at 3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in

support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's appeal also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28 ("SSR 85-28")).

## I. Discussion

The plaintiff admits that, since she continues to receive Supplemental Security Income ("SSI") from July 2, 1996, "this claim really addresses the time period of one day prior to Plaintiff's 22nd birthday, . . . namely 9/4/95, to the E[stablished] O[nset] D[ate] of 7/2/96, a gap of about ten months[.]" Itemized Statement at 1.

An applicant is entitled to benefits

> on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if—

(1) You are the insured person's child. . . ;
(2) You are dependent on the insured . . .;
(3) You apply;
(4) You are unmarried; and
(5) You are under age 18; you are 18 years old or older and have a disability that began before you became 22 years old; or you are 18 years or older and qualify for benefits as a full-time student . . . .

3

20 C.F.R. § 404.350.

## A. Step 2

The plaintiff contends that the administrative law judge should have found her anxiety and depression to be severe at the relevant time. Itemized Statement at 2. Specifically, she asserts that the administrative law judge "was plainly wrong" in finding that she received no treatment for any mental health impairment during the relevant period. *Id.*[2]

The plaintiff sets forth what she believes to be evidence of the existence of severe mental impairments before September 5, 1995, but apparently seeks only to convince this court that the administrative law judge should have found her anxiety and depression to have been severe before that date. *Id.* at 5. Much of the evidence she recounts does not deal with either diagnosis and may thus be disregarded. The plaintiff must show how a failure to find each omitted impairment to be severe would necessarily change the outcome of her claim. *Foley v. Astrue,* No. 2:10-cv-264-DBH, 2011 WL 2610186, at *2 (D. Me. June 30, 2011); *Saucier v. Astrue*, No. 2:10-cv-111-DBH, 2011 WL 1158256, at *4 (D. Me. Mar. 28, 2011); *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010).

The plaintiff proffers the following evidence concerning anxiety and depression:

1. A Psychiatric Review Technique Form ("PRFT") dated October 23, 2008, signed by Brenda Sawyer, Ph.D., stating that her non-examining review assessed the period from January 1, 1993, to September 5, 1999, Record at 394, and wherein the psychologist included the following note: "3-4-97 Burkhart . . . Axis I: depressive do, NOS. . . ." *Id.* at 406. The plaintiff translates "do" as "disorder."

---

[2] At oral argument, the attorney for the plaintiff contended that the administrative law judge also erred in not finding her Crohn's disease to be severe at the relevant time, but the administrative law judge did find her Crohn's disease to be severe before she reached the age of 22. Record at 12. She does not suggest in her itemized statement, and her attorney did not suggest at oral argument, any way in which the administrative law judge's decision would or should have been different in connection with the Crohn's disease.

2. Handwritten notes headed "Tri-County Mental Health Services" dated April 11, 1997, stating, *inter alia*, "Renee . . . identified depression. Explored possibility of medication- may refer if symptoms don't decrease." Docket No. 18-1 at [8].[3]

3. On November 7, 1983, a therapist discussed the plaintiff's "underachievement at school and her overall depressive nature." Docket No. 18-2 at [37].

4. On October 4, 1984, Rej Pare at Tri-County Mental Health Services noted that a person "came in today saying the school was recommending that Renee begin therapy again because of . . . depression [and several other factors]." Docket No. 18-2 at [28].

5. On October 11, 1984, the same therapist noted that "[a]lthough Renee is somewhat depressed, she is not suicidal at this time." Docket No. 18-2 at [29].

6. On November 26, 1984, the plaintiff's stepfather said that "the school felt that Renee was very depressed and needed services." Docket No. 18-2 at [27].

7. Goals were set on March 31, 1989, as part of a "Master Treatment Plan," apparently at Tri-County Mental Health, Docket No. 18-2 at [8], to address, *inter alia*, "[d]epression, poor self-esteem[.]" *Id.* at [11].

The foregoing list suffers from several infirmities. The first, and most important, is that Dr. Sawyer, while noting the Burkhart Axis I diagnosis of March 4, 1997 – itself dated after the plaintiff's 22nd birthday on September 5, 1995 – concluded that the plaintiff's mental

---

[3] Docket No. 18 consists of three exhibits, numbered 18-1, 18-2, and 18-3, submitted by the plaintiff and added to the record by my order dated March 17, 2011 (Docket No. 20). That order also directed counsel to identify at oral argument any of these documents on which the parties contended that the court could not rely, along with authority supporting their positions. At oral argument, counsel for the commissioner did not object to the admission of any of the three exhibits, and they are accordingly admitted. Because counsel for the plaintiff asserted that it was clear that the state-agency psychologist reviewers had seen at least two and possibly all three of these exhibits, and because those reviews support the administrative law judge's conclusions, Record at 394-406, 408-20, it was incumbent upon the plaintiff to identify precisely the entries in Exhibit 18-2 that would have required a different outcome. No entries were identified.

impairments for the relevant period were not severe. Record at 394. The administrative law judge was entitled to rely on this opinion.

The second entry on the plaintiff's list is dated approximately a year and a half after her 22nd birthday and for that reason is irrelevant. In addition, it only reports the plaintiff's self-diagnosis, and is thus not the medical evidence required at Step 2 to support the existence of a severe impairment.

As for the rest of the entries on the plaintiff's list, none reports a medical diagnosis and none provides any evidence of the severity of the depression that is mentioned. Anxiety is not mentioned in any of the cited records. Contrary to the plaintiff's assertion, Itemized Statement at 5, there is doubt that the evidence that she proffers of her anxiety and depression before her 22nd birthday meets even her low burden of proof at Step 2.[4]

Almost as an afterthought, the plaintiff asserts at the end of her discussion of this issue that "[a]s for the severe abdominal impairment found, Dr. O'Connor saw the patient on 9/5/95" and his diagnosis "[led] to the surgery at New England Deaconess on 10/17/95[.]" Itemized Statement at 5-6. She goes on, "[T]he history there *goes back a month*[.] . . . Given that Plaintiff was found disabled by the Commissioner as of 7/2/96, this selective recitation of the record [in the administrative law judge's opinion] is highly suspect." *Id*. at 6 (emphasis in original).

If by this paragraph the plaintiff means to contend that the administrative law judge should have found her Crohn's disease, standing alone, to have been fully disabling before September 5, 1995, this presentation of the issue is insufficient because she fails entirely to specify how, and at what stage of the evaluation process, this result should have been reached.

---

[4] The plaintiff also charges that her "testimony about her A[ctivities of] D[aily] L[iving] is completely lost in translation by the ALJ in her assessment of the Part B criteria." Itemized Statement at 5. To the extent that the plaintiff means this sentence to state another ground for remand, it is insufficiently presented. *See Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *4 n.3 (D. Me. July 7, 2011).

## B. Social Security Ruling 83-20

The plaintiff next contends that Social Security Ruling 83-20 "requires the Commissioner to resort to medical expert evidence on the issue of ONSET OF DISABILITY. The Commissioner, without benefit of a[] M[edical] E[xpert], discounted the severity of any emotional impairment, and was in no position to properly analyze the medical records in conjunction with Plaintiff's testimony regarding her abdominal impairment." Itemized Statement at 6-7 (footnote and citation omitted) (capitalization in original). The plaintiff states the directive of Social Security Ruling 83-20 too narrowly and disregards the evidence of record in order to reach her conclusion.

The plaintiff apparently relies on the following sentence from SSR 83-20: "At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred." Social Security Ruling 83-20 ("SSR 83-20), reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 51. However, that section of SSR 83-20 is only applicable when there is ambiguity in the record regarding the date of onset of a particular disability. *E.g., Katt v. Astrue*, No. 05-55043, 2007 WL 815418, at *1 (9th Cir. Mar. 14, 2007). The administrative law judge is required to consult a medical advisor at the hearing only when there is some medical evidence that would allow the drawing of an inference about the date of onset of the impairment at issue. *Mooers v. Astrue*, Civil No. 08-107-B-W, 2008 WL 4826290, at *4 (D. Me. Nov. 5, 2008).

For the reasons that I have already outlined, the plaintiff's proffered evidence that she suffered from the severe impairments of depression and anxiety before September 5, 1995, does not meet this standard. In addition, the administrative law judge was entitled to rely, as she did, Record at 13, on Dr. Sawyer's conclusion that the plaintiff's mental impairments were not severe

at the relevant time, a conclusion reached after Dr. Sawyer's review (according to the plaintiff) of some or all of the documents that the plaintiff sought to add to the administrative record. Itemized Statement at 2-3,

The same is true of the plaintiff's Crohn's disease. Two state-agency non-examining physicians, who evaluated the plaintiff's medical records for the period 1991-1995, Record at 386, 422, found either no physical restrictions during the period, *id*. at 423-26, or only those adopted by the administrative law judge, *compare id*. at 387-90 *with id*. at 14. Both physicians were aware of the plaintiff's October 1995 surgery and the symptoms reported as immediately preceding that surgery, *id*. at 393, 429, on which the plaintiff now relies.

The plaintiff finds it significant that the symptoms leading up to the surgery "go[] back a month[,]" Itemized Statement at 6, perhaps placing their start slightly before September 5, 1995, but there is no indication that those symptoms continued after the surgery, which, after all, was intended to address those symptoms, and any impairment that provides the basis for an award of benefits under the Social Security program must have lasted at least 12 months. 20 C.F.R. § 404.1509. In addition, the administrative law judge was entitled to rely on the reports of the state-agency physicians. *See* Record at 15.

Therefore, because there is no demonstrated ambiguity in the record about the question of whether the plaintiff's Crohn's disease was severe before the plaintiff's 22nd birthday, there was no need for the administrative law judge to seek the testimony of a medical advisor, and no violation of SSR 83-20.

### C. Constitutional Claims

In an argument so brief as to raise the question of whether it has been adequately presented, *see Pierce*, 2011 WL 2678919, at *4 n.3, the plaintiff asserts that she "has been deprived of due process and equal protection in being subject, on the wrong end, to a two-tiered system for administrative review." Itemized Statement at 8-9. Apparently, she contends that she has a constitutional right to have her claim reviewed by the Appeals Council before having to resort to a court action. *Id*. She cites no authority in support of this proposition. I am unable to determine from the brief presentation in the plaintiff's itemized statement how the plaintiff's due process right might have been violated or from what source her equal protection claim arises. I decline to speculate on these questions, and the presentation in the itemized statement is insufficient in any event to provide the defendant with enough information to allow him to defend against the claim.

The plaintiff has not shown any constitutional violation by the defendant.

### II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge